IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3<br><br>Plaintiff,<br><br>v.<br><br>ADAM DAVID LYND, ANGELA K. LYND, DOMINION HOMEOWNER'S ASSOCIATION, and MARIO A. BERNAL,<br><br>Defendants. | §§§§§§§§§§§§§§§§§§<br><br>Civil Action No. 5:17-cv-456 |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW,** Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3, Plaintiff, complaining of Adam David Lynd, Angela K. Lynd, Dominion Homeowner's Association, and Mario A. Bernal, and files this Original Complaint and states as follows:

### I.    PARTIES

1.    Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3 ("Plaintiff") is a California corporation with its principal place of business in California. Plaintiff appears in this suit in its capacity as the trustee of a trust.

2.    Defendant Adam David Lynd is an individual and a resident of Texas, who may be served at 215 Annie St. Unit A, San Antonio, TX 78212-2872 or wherever he may be found. Summons is requested.

3.    Defendant Angela K. Lynd is an individual and a resident of Texas, who may be

served at 215 Annie St. Unit A, San Antonio, TX 78212-2872 or wherever she may be found. Summons is requested.

4. Defendant Dominion Homeowner's Association is a Texas nonprofit corporation, which may be served through its registered agent, Rob McDaniel, at 20 Dominion Drive, San Antonio TX 78257.

5. Defendant Mario A. Bernal is an individual and a resident of Texas who may be served at 326 W. Grayson St., San Antonio, Texas 78212-4120 or wherever he may be found. Summons is requested.

## II.   PROPERTY

6. This proceeding concerns the real property and improvements commonly known as 25 Stratton Lane, San Antonio, Texas 78257 and more particularly described as:

> BEING LOT 117, BLOCK 16, NEW CITY BLOCK 34034B, DOMINION COTTAGE ESTATES SUBDIVISION UNIT 4, P.U.D., AN ADDITION IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEROF RECORDED IN VOLUME 9519, PAGE(S) 89-9, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS

(the "Property").

7. The Property is a part of a planned unit development known as Dominion Cottage Estates. As part of the Dominion Cottage Estates, the Property is subject to certain obligations to the Dominion Homeowner's Association (the "HOA"), provided for in the Declaration of Protective Covenants for the Dominion Cottages (the "Declaration"), recorded as instrument number 1129276 the Official Records of Bexar County, Texas. Article V of the Declaration provides that the Property is subject to assessments by the HOA and the HOA may enforce liens against the Property for unpaid assessments. Such liens "shall be subordinate to the lien of any mortgage or mortgages granted or created by the Owner of any lot to secure the payment of monies advanced and used for the purpose of purchasing and/or improving such lot." (Declaration V § 9.)

### III.     DIVERSITY JURISDICTION AND VENUE

8.     This Court has jurisdiction over the controversy under 28 U.S.C. section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

9.     Plaintiff Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3 is a trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, the citizenship of the trustee controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). A national bank is a citizen of the state where its main office is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318–19 (2006). The main office of Deutsche Bank is in California; therefore, Deutsche Bank National Trust Company as Trustee is a citizen of California for diversity purposes. *See Rodriguez v. Deutsche Bank Nat'l Tr. Co.*, No. H-16-1597, 2017 U.S. Dist. LEXIS 10801, at *8 (S.D. Tex. Jan. 26, 2017) (finding that Deutsche Bank National Trust Company as Trustee is a citizen of California for diversity purposes); *Jensen v. Palmer*, No. 8:15-CV-197-T-17MAP, 2015 U.S. Dist. LEXIS 25566, at *5 (M.D. Fla. Mar. 3, 2015) (finding the same); *OneWest Bank, FSB v. Joam LLC*, No. 10-CV-1063 (JG) (SMG), 2011 U.S. Dist. LEXIS 150999, at *10 (E.D.N.Y. July 26, 2011) (finding the same); *Roper v. Saxon Mortg. Servs.*, No. 1:09-CV-312-RWS, 2009 U.S. Dist. LEXIS 37794, at *4 (N.D. Ga. May 5, 2009) (finding the same).

10.     Defendants Adam David Lynd, Angela K. Lynd, and Mario A. Bernal are individuals and residents of Texas, making them citizens of Texas for diversity purposes.

11.     Defendant Dominion Homeowner's Association is a nonprofit corporation incorporated in Texas with its principal place of business of Texas, making it a citizen of Texas

for diversity purposes.

12. The amount in controversy exceeds $75,000.00. Deutsche Bank seeks to quiet title to Property appraised at a market value of $676,370.00 by the Bexar County Appraisal District. Furthermore, Plaintiff seeks a judgment of foreclosure of a mortgage lien where a total debt of over $915,362.41 including principal and accrued interest is due and owing as of May 31, 2017. *See Christiana Tr. v. Henderson*, 181 F. Supp. 3d 375, 378 (S.D. Tex. 2016) ("[T]otal debt, including accrued interest, is included in the amount in controversy."). Accordingly, the amount in controversy exceeds $75,000.00; therefore, the minimum amount-in-controversy requirement has been met.

13. Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. Section 1391(a)(2) because this suit concerns title to real property located in Bexar County, Texas.

## IV.   FACTS

14. The foregoing paragraphs are incorporated by reference for all purposes.

15. On or about August 10, 2005, Adam David Lynd and Angela K. Lynd took out a first lien Home Equity Adjustable Rate Note (Non-Recourse) ("Note") pursuant to Section 50(a)(6), Article XVI of the Texas Constitution from Option One Mortgage Corporation, a California Corporation in the original principal amount of $800,000.00, secured by a first lien on the Property. The Deed of Trust ("Deed of Trust" and, together with the Note, "2005 Loan Agreement") evincing the lien was filed for record on August 18, 2005 in the Official Public records of Bexar County as Instrument Number 20050189675. Part of the $800,000 from 2005 Loan Agreement was applied to pay of previous liens on the Property. The Security Instrument provides at section 25 that "Lender shall be subrogated to any and all rights, superior title, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts."

16. Deutsche Bank is the last assignee of record of the 2005 Loan Agreement pursuant to a Corporate Assignment of Deed of Trust filed as instrument number 20150146650 in the Official Public Records of Bexar County, Texas on August 6, 2015.

17. On September 23, 2015, Deutsche Bank filed an application to foreclose on the Property pursuant to Texas Rule of Civil Procedure 736, opening cause number 2015-CI-16151 in the 407th Judicial District of Bexar County, Texas. The 736 case closed when Defendant David Lynd filed suit against Deutsche Bank on March 3, 2016 in cause number 2016-CI-03824. On April 1, 2016, that case was removed to the U.S. District Court Western District of Texas San Antonio division, as cause number 5:16-cv-00326. On November 29, 2016, the court entered an order finding that the 2005 Deed of Trust executed by Defendants Adam David Lynd and Angela K. Lynd was in default and that Deutsche Bank is holder and owner of the Note and mortgagee of the Deed of Trust, and granting Deutsche Bank judicial foreclosure and dismissal of all David Lynd's claims. (5:16-cv-00326, ECF Doc. 22.)

18. The Lynds apparently failed to pay the assessments owed to the HOA. The HOA recorded a lien of $1,170.32 against Adam David Lynd on February 2, 2015 as instrument number 20150017724 in the Official Public Records of Bexar County, Texas. On the same date, the HOA recorded a second lien in the amount of $1,160.00 in the Official Public Records of Bexar County, Texas as instrument number 20150017723.

19. Adam D. Lynd filed suit against the HOA on May 6, 2016, opening cause number 2016-CI-07777, styled Adam D. Lynd v. The Dominion Homeowner's Association. The court issued an Execution & Order of Sale on December 6, 2016. On March 7, 2017, to satisfy the HOA's lien, the sheriff sold the Property to Defendant Mario A. Bernal for $26,000.00. Deutsche Bank was not named as a party to the suit and was not notified of its pendency or of the March 7, 2017 foreclosure sale.

20. Deutsche Bank brings this suit to declare to quiet title to the Property in Deutsche Bank's favor.

## V.   CAUSES OF ACTION

21. The foregoing paragraphs are incorporated by reference for all purposes.

### A. Suit to Quiet Title

22. Deutsche Bank's mortgage on the Property was superior to the HOA's liens. Accordingly, when Defendant Mario A. Bernal ostensibly acquired title to the Property at the HOA's March 2017 foreclosure sale, the property remained subject to Deutsche Bank's superior lien. Therefore Deutsche Bank seeks a declaration from this Court that Deutsche Bank is the title owner of the Subject Property and that Mario A. Bernal has no interest in same.

### B. Plaintiff's Lien Superiority Under Equitable and Contractual Subrogation

23. Furthermore, Deutsche Bank's lien is superior to the HOA's liens against the Property and the interest that stem from the Association's—namely, the interest of Mario A. Bernal—because under equitable and contractual subrogation Deutsche Bank possess the rights of the purchase-money lienholder. Because proceeds from Deutsche Bank's loan were used to payoff a previous loan that was used to payoff a previous loan going back to Adam David Lynd's purchase money loan, Deutsche Bank steps into the shoes of the purchase money lienholder. *See NSEW Holdings LLC v. Wells Fargo Bank, N.A.*, Civil Action No. 4:15-CV-828, 2017 U.S. Dist. LEXIS 38337, at *7 (E.D. Tex. Mar. 17, 2017). Therefore under equitable and contractual subrogation, Deutsche Bank seeks a declaration from this Court that it is the title owner of the Subject Property and that the HOA and Mario A. Bernal have no interest in same.

### C. The HOA's Foreclosure Sale Was Invalid.

24. Alternatively, if Deutsche Bank's lien were inferior or subordinate to the HOA's liens, then HOA's foreclosure sale was void because the HOA failed to comply with section 209.0091 of the Texas Property Code by providing Deutsche Bank with notice and an

opportunity to cure. Therefore the HOA's foreclosure sale was invalid.

### D. Judicial Foreclosure

25. As the current mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff Deutsche Bank asserts a cause of action for judicial foreclosure against Defendants. The Loan Agreement is a contract, and Plaintiff has fully performed its obligations under it. Defendants, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others). Therefore, Deutsche Bank seeks a judgment allowing it to foreclose on the Property in accordance with the Deed of Trust.

### E. Attorneys' Fees

26. Deutsche Bank has been forced to hire the undersigned attorneys to pursue this claim; Deutsche Bank is therefore entitled to and seeks judgment against the Defendant for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). Deutsche Bank seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendants personally.

## VI.   CONDITIONS PRECEDENT

27. All conditions precedent have been performed or have occurred.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Deutsche Bank prays that Defendants Adam David Lynd, Angela K. Lynd, Dominion Homeowner's Association, and Mario A. Bernal be summoned to appear and that on final trial Deutsche Bank have judgment that it is the title owner of the Property and that Defendants Adam David Lynd, Angela K. Lynd, Dominion Homeowner's Association, and Mario A. Bernal have no interest, lien, or otherwise,

in the Property. Deutsche Bank also seeks a judgment of foreclosure of the property. Finally, Deutsche Bank seeks attorneys' fees, costs of suit, and all other relief to which it is entitled.

          Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
     **MARK D. CRONENWETT**
     Attorney in Charge
     Texas Bar No. 00787303
     mcronenwett@mwzmlaw.com

     **PHILIP W. DANAHER**
     Texas Bar No. 24078395
     pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

*Attorneys for Plaintiff*