UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § § § | |
| Plaintiff, | § § | No. 5:17–CV–456–DAE |
| vs. | § § § | |
| ADAM DAVID LYND, ANGELA K. LYND, DOMINION HOMEOWNER'S ASSOCIATION, and MARIO A. BERNAL, | § § § § § § | |
| Defendants. | § | |

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(DKT. # 12)

Before the Court is a Motion for Default filed by Deutsche Bank National Trust Company ("Plaintiff" or "Deutsche Bank") on July 26, 2017. (Dkt. # 12). Defendants Adam Lynd, Angela Lynd, and Mario Bernal (collectively, "Defendants") did not file a response. The matter was referred to U.S. Magistrate Judge Henry Bemporad on July 27, 2017. (Dkt. # 16.) On October 24, 2017, the Magistrate Judge held a hearing on the motion, and only plaintiff's counsel appeared on behalf of Plaintiff. After careful consideration of the memorandum filed in support of the motion, the Court—for the reasons that follow—**GRANTS** Plaintiff's Motion for Default Judgment (Dkt. # 12).

1

BACKGROUND

On May 19, 2017, Plaintiff filed its Complaint against Defendants Adam David Lynd and Angela K. Lynd (the "Lynd's"), Dominion Homeowner's Association (the "HOA"), and Mario A. Bernal ("Bernal") (collectively, the "Defendants"). (Dkt. # 1.) On the same day, summons was issued as to all Defendants, and later returned executed as to all Defendants. (Dkts. ## 4–6.) On June 21, 2017, the HOA filed an answer. (Dkt. # 7.) The Lynd's and Bernal never filed an answer.

On July 25, 2017, Plaintiff filed a Motion for Entry of Agreed Partial Judgment, effectively dismissing the HOA from the suit, and allowing Plaintiff to proceed in the action against only the Lynd's and Bernal. (Dkt. # 9.) This Court granted Plaintiff's motion on July 28, 2017, and the HOA was accordingly terminated from the suit. (Dkt. # 14.)

On July 26, 2017, Plaintiff filed both a Clerk's Motion for Entry of Default against the Lynd's and Bernal, which the Clerk entered the same day, and a Motion for Default Judgment. (Dkts. ## 11–13). The Motion for Default Judgment was referred to U.S. Magistrate Judge Bemporad, and after a holding a hearing on the matter, on October 25, 2017, Judge Bemporad issued an order returning the motion to this Court for entry of default judgment. (Dkt. # 18.)

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b); N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. See United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987); Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, for a plaintiff to obtain default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu, 515 F.2d at 1206; see also Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.") (quoting Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996)).

DISCUSSION

Defendants failed to plead or otherwise defend against Plaintiff's claims as demonstrated by the affidavit of Mark Cronenwett, attorney for Plaintiff, included in Plaintiff's Motion for Entry of Default. (Dkt. # 12-1, Ex. G.) Accordingly, the Clerk properly entered default and Plaintiff is entitled to a default judgment if the facts alleged in Plaintiff's Complaint state a claim upon which relief may be granted.

At the hearing on October 24, 2017, the Magistrate Judge took judicial notice of the Agreed Order and Final Judgment entered in the case of Lynd v. Deutsche Bank Nat'l Trust Co., 5:16–CV–326–OLG (W.D. Tex. Nov. 29, 2016), wherein summary judgment was granted in favor of Deutsche Bank on its counterclaim and third-party claim for judicial foreclosure. (Dkt. # 18.) Additionally, all documents submitted as attachments to Plaintiff's Motion were admitted as evidence at the hearing. (Id.) Based on the matters adjudged in Lynd v. Deutsche Bank Nat'l Trust Co., 5:16–CV–326–OLG (W.D. Tex. Nov. 29, 2016), the matters deemed admitted in the complaint, and the evidence admitted at the hearing, the Magistrate Judge found that it was appropriate for this Court to enter default judgment in the case against Defendants. (Id.)

Accordingly, in light of Defendants' default, the nature of Deutsche Bank's claims, and the Magistrate Judge's order, the Court **GRANTS** Plaintiff's Motion for Default Judgment (Dkt. # 12) and orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendants.

It is **ORDERED, ADJUDGED, AND DECREED** that an event of default occurred on that certain Texas Home Equity Note executed on or about August 10, 2005 by Adam David Lynd and Angela K. Lynd (the "Lynd's") that was payable to Option One Mortgage Corporation as a lender on a loan secured by the Property (hereinafter, the "Note"). Plaintiff is the current holder of the Note and beneficiary of the Deed of Trust.

It is further **ORDERED, ADJUDGED, AND DECREED** that the certain Texas Home Equity Security Instrument dated August 10, 2005, signed by the Lynd's and recorded as Instrument Number 20050189675 in the real property records of Bexar County, Texas (hereinafter, "Security Instrument"), provides Plaintiff, as the mortgagee of the Security Instrument, in the event of default on the obligations of the Note, with a first lien security interest on that certain real property commonly known as 25 Stratton Lane, San Antonio, Texas 78257 (the "Property"), and more particularly described as follows:

> BEING LOT 117, BLOCK 16, NEW CITY BLOCK 34034B, DOMINION COTTAGE ESTATES SUBDIVISION UNIT 4, P.U.D.,

AN ADDITION IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9519, PAGE(S) 89-9, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

It is further **ORDERED, ADJUDGED, AND DECREED** that Plaintiff is the mortgagee of the Security Instrument.

It is further **ORDERED, ADJUDGED, AND DECREED** that due to event of default on the Note, Deutsche Bank, or its successors or assigns, may enforce its Security Instrument against the Property through foreclosure of the Property as provided in the Security Instrument and Section 51.002 of the Texas Property Code.

It is further **ORDERED, ADJUDGED, AND DECREED** that all foreclosure notices shall be mailed to the Lynd's at 215 Anne Street, Unit A, San Antonio, Texas 78212.

It is further **ORDERED, ADJUDGED, AND DECREED** that any rights, interest, title, or liens belonging to Defendant Mario A. Bernal ("Bernal") regarding the Property acquired via the March 7, 2017 foreclosure sale, as reflected in the Sheriff's Deed recorded as Instrument Number 20170050386 in the Bexar County, Texas, Real Property Records, were at the time of such foreclosure sale and are now subject to Deutsche Bank's superior lien as reflected in the Security Instrument.

It is further **ORDERED, ADJUDGED, AND DECREED** that all costs are to be taxed against Defendants.

Finally, it is **ORDERED, ADJUDGED, AND DECREED** that any relief not specifically granted in this Judgement is **DENIED**.

CONCLUSION

For the reasons set forth, the Court **GRANTS** Plaintiff's Motion for Default Judgment (Dkt. # 12).

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, October 30, 2017.

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE